# EXHIBIT A

# ORIGINAL

Person Filing: __Skylar Simpson__
Address (if not protected): __9443 S 44th St__
City, State, Zip Code: __Phoenix, AZ 85044__
Telephone: __480-280-4191__
Email Address: __skylar.simpson7@gmail.com__
Representing [X] Self or [ ] Attorney for _____
Lawyer's Bar Number: _____

For Clerk's Use Only

## SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

__Skylar Simpson__
**Name of Plaintiff**

And

__Mark E. Hall, P.C.__
**Name of Defendant**

Case Number: CV2024-033093

If you would like legal advice from a lawyer, Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopabar.org
Sponsored by the
Maricopa County Bar Association

**WARNING**: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** __Mark E. Hall, P.C.__
                                                          **Name of Defendant**

1.  **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the Clerk of the Superior Court.
    Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

Case Number: CV2024-033093

3. If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date. 3

6. Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date

DEC 0 5 2024

CLERK OF SUPERIOR COURT

JEFF FINE, CLERK

By _____
Deputy Clerk
V. Gigante
Deputy Clerk

Skylar Simpson
9443 South 44th Street
Phoenix, Arizona 85044
Tel: (480) 280-4191
Skylar.simpson7@gmail.com
*Plaintiff*

**COPY**

NOV 1 9 2024

CLERK OF THE SUPERIOR COURT
L. COOLIDGE
DEPUTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Skylar Simpson, a single woman;<br><br>Plaintiff,<br><br>Vs.<br><br>Mark E. Hall, P.C.; Safeguard Estate and Financial, LLC; Mark E. Hall and Jane Doe Hall, as husband and wife; Robert Levin and Jane Doe Levin, as husband and wife; XYZ Corporations I-III; ABC Partnerships I-III; John and Jane Does II-V,<br><br>Defendants. | CASE NO.: CV2024-033093<br><br>**COMPLAINT**<br><br>**ARCP 26.2(b)(2) TIER II** |

Plaintiff, for her claim against the Defendants, complains and alleges as follows:

1. At all times relevant hereto, Plaintiff Skylar Simpson (hereinafter referred to as "Plaintiff"), was a resident of Maricopa County, State of Arizona.

2. At all relevant times hereto, Defendant Mark E. Hall, P.C. was an Arizona Domestic Professional Corporation doing business within Maricopa County, Arizona.

3. At all relevant times hereto, Defendant Safeguard Estate and Financial, LLC (hereinafter referred to as "Safeguard"), was an Arizona Limited Liability Company, doing business within Maricopa County, Arizona.

1

4. Defendant Mark E. Hall (hereinafter referred to as "Hall"), to the best of our knowledge, was a resident of Maricopa County, State of Arizona; Jane Doe Hall is liable for damages arising from such claim by virtue of her community property interest with Hall.

5. Defendant Robert Levin (hereinafter referred to as "Levin"), to the best of our knowledge, was a resident of Maricopa County, State of Arizona; Jane Doe Levin is liable for damages arising from such claim by virtue of her community property interest with Levin.

6. The true names and capacities, whether individual, corporate, or otherwise, of the Defendants John and Jane Does II-V, ABC Partnerships I-III, and XYZ Corporations I-III, are unknown to the Plaintiff at this time. Plaintiff, therefore, sues said Defendants by fictitious names, and will seek leave to amend this complaint to state their true names and capacities at such time as the same become known to the Plaintiff. Said individual Defendants are either residents or citizens of the State of Arizona or caused events to occur in the State of Arizona, out of which the claim which is the subject of this complaint arose. Said corporate Defendants are either Arizona corporations or foreign corporations, partnerships, joint venues, or other legal entities, which are doing business in Arizona or have caused events to occur in the State of Arizona out of which the claim which is the subject of this complaint arose.

7. Each, and every one of the Defendants have caused events to occur in Maricopa County, State of Arizona, for which the claims alleged in this Complaint arise; giving this Court jurisdiction over the parties. The amount in controversy is in excess of the jurisdictional requirements of this Court.

8. At all relevant times, Plaintiff was employed as an estate planning paralegal by Hall at his law office, Mark E. Hall, P.C.

2

9. At all relevant times, Hall was the legal owner of the law office of Mark E. Hall, P.C.

10. At all relevant times, Safeguard was engaged in business with Mark E. Hall, P.C., collectively providing estate planning services to consumers.

11. At all relevant times, Levin was directly employed by Safeguard.

12. About or between May 2023 and July 2023, Defendants Safeguard and Mark E. Hall, P.C., were engaged in the leasing and/or usage of a business establishment, located at 9000 E Pima Center Pkwy, Scottsdale, AZ 85258, Suites 140, and 150 "hereinafter referred to as "The Office").

13. At all relevant times hereto, Safeguard was the primary lease owner of The Office.

14. At all relevant times hereto, Mark E. Hall, P.C. was a sub-tenant of The Office.

15. At all relevant times hereto, to our belief, Mark E. Hall, P.C. was engaged in a joint venture, joint employer, or special employer relationship with Safeguard.

16. Safeguard is vicariously liable for the negligence or tortious conduct of Mark E. Hall, P.C., within the scope and course of their joint venture, agency, joint employer, or special employer relationship.

17. Safeguard is vicariously liable for the negligence or tortious conduct of Levin, within the scope and course of his employment.

18. Mark E. Hall, P.C. is vicariously liable for the negligence or tortious conduct of Levin, within the scope and course of his employment with its joint venture, agency, joint employer, or special employer relationship.

19. Mark E. Hall, P.C. and Safeguard are both "employers" of Plaintiff due to their joint venture, agency, joint employer, or special employer relationship.

20. At all relevant times, each, and every one of the Defendant owed a duty of care created by common law special relationships and relationships created by statute and public policy.

21. At all times hereto, Mark E. Hall, P.C., retained control over some, or all, of the area of The Office, where Plaintiff worked and was discriminated against.

22. At all times hereto, Safeguard, retained control over some, or all, of the area of The Office, where Plaintiff worked and was discriminated against.

23. At all times hereto, Defendants Hall, Mark E. Hall, P.C., Levin, and Safeguard owed Plaintiff a duty of care as an employee and co-worker, specifically to prevent and cease unreasonable and intentional damaging behavior.

24. Defendants Hall. Mark E. Hall, P.C., Levin, and Safeguard breached their duties to Plaintiff by failing to adequately correct and/or remedy the hazardous conditions they knew of, which posed an unreasonable threat of harm to the Plaintiff.

25. On or about September 21, 2021, Plaintiff began her employment with Mark E. Hall, P.C. as an estate planning paralegal. Mark E. Hall, P.C. provides legal services for Safeguard, located in the same building.

26. Beginning in or around early 2023, Levin, an employee of Safeguard, began subjecting Plaintiff to repeated and escalating sexual harassment.

27. Levin made inappropriate sexual comments and advances, including but not limited to telling Plaintiff sexual stories, making sexual gestures, and pretending to pull his pants down in Plaintiff's presence.

28. Levin entered Plaintiff's office uninvited, closed the door, and subjected her to further sexual remarks and inappropriate behavior, causing Plaintiff to fear for her physical safety.

29. On May 12, 2023, Plaintiff reported Levin's harassment to a co-owner of Safeguard, expressing her fear and distress. Despite this report, no meaningful action was taken to address Levin's behavior.

30. Fearing for her safety and the safety of her unborn child, Plaintiff also reported the sexual harassment to Hall, her employer, via text.

31. On May 24, 2023, Hall summoned Plaintiff to his office to discuss her allegations of sexual harassment.

32. During this meeting, Hall subjected Plaintiff to verbal abuse, angrily chastising her for reporting the harassment. He berated her and stated that Levin was an "amazing salesperson" whose value to the company outweighed her complaints. Hall further stated that unless Plaintiff was actually physically sexually assaulted, there was "nothing to be done" about her harassment claim.

33. Defendants Hall, Mark Hall P.C., Safeguard, and Levin or some combination of them, intentionally or recklessly caused Plaintiff emotional distress in that their conduct was extreme and outrageous and their conduct caused Plaintiff to suffer severe emotional distress.

42. Defendants failed to take appropriate corrective action after Plaintiff reported the harassment, thereby violating Title VII and the Arizona Civil Rights Act.

43. Plaintiff engaged in protected activity by reporting Levin's sexual harassment.

44. Defendants retaliated against Plaintiff by subjecting her to verbal abuse, threatening to reduce her pay, and ultimately terminating her employment in violation of Title VII and the Arizona Civil Rights Act.

45. Plaintiff experienced a pregnancy-related medical condition and anxiety, qualifying as a disability under the ADA.

46. Defendants failed to accommodate Plaintiff's disability and terminated her employment in violation of the ADA.

47. Defendants wrongfully terminated Plaintiff in retaliation for her sexual harassment complaint.

48. Plaintiff timely filed first an intake inquiry with the EEOC detailing her claims on or about August 2, 2023, and then a charge of discrimination with the EEOC dated March 11, 2024.

49. This complaint is filed within 90 days of her receipt of the EEOC notice of suit rights.

50. Defendant Mark Hall PC failed to comply with the Fair Wages and Healthy Families Act by its failure to record Plaintiff's accrued sick time on her paychceks.

51. Defendant Mark Hall PC and Mark Hall further preumptively violated the Fair Wages and Health Families Act by terminating Plaintiff within 90 days of her missing work for

her own medical reasons, entitling her to relief under A.R.S. § 23-364, including the statutory penalties.

52. As a direct and proximate result of some or all of the Defendant's individual negligence as aforesaid, Plaintiff has suffered general and special damages for which some or all the Defendants are responsible.

53. Pursuant to Rule 8 and Rule 26.2(c)(3) of the *Arizona Rules of Civil Procedure,* Plaintiff does not plead a sum certain. However, to the best of her knowledge and belief the damages are such as to qualify for tier two.

**WHEREFORE,** Plaintiff Skylar Simpson, requests a trial by jury and judgement against the Defendants, and each of them, as follows:

1. For such sums as and for general and special damages in excess of the jurisdictional minimum of this court.
2. For pre- and post-judgement interest to the extent provided by law.
3. For costs of suit herein and for such offer and further relief as the court deems just.
4. Compensatory damages for emotional distress, loss of wages, and loss of Plaintiff's unborn child;
5. Punitive damages;
6. Statutory penalties of not less than $150.00 per day from termination until trial.
7. Front pay;
8. Attorney's fees and costs; and
9. Any other relief deemed just and proper by this Court.

DATED this **19th** day of **November, 2024**.

/s/ *Skylar Simpson*
Plaintiff

**Person Filing:** Skylar Simpson
**Address (if not protected):** 9443 S 44th St
**City, State, Zip Code:** Phoenix, AZ 85044
**Telephone:** 480-280-4191
**Email Address:** skylar.simpson7@gmail.com
**Lawyer's Bar Number:** _____

**Representing** ☒ Self, without a Lawyer or ☐ Attorney for ☐ Plaintiff OR ☐ Defendant

**COPY**
DEC 0 5 2024
CLERK OF THE SUPERIOR COURT
V. GIGANTE
DEPUTY CLERK
FOR CLERK'S USE ONLY

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Skylar Simpson
           PLAINTIFF,

vs.

Mark E. Hall, P.C.; Mark E. Hall; Jane Doe Hall;

Safeguard Estate and Financial, LLC; Robert Levin; and Jane Doe Levin
           DEFENDANTS.

**Case Number:** CV2024-033093

## CERTIFICATE OF COMPULSORY ARBITRATION

*Notice to Defendants: If you agree with the Plaintiff's Certificate of Compulsory Arbitration, you **DO NOT** need to file this form.

The undersigned certifies that this case is (Please check **ONLY** one option below):

☐ **Subject to Arbitration** – The amount of money in controversy **DOES NOT** exceed $50,000, **AND** no other affirmative relief is sought.

☒ **Not Subject to Arbitration** – The amount of money in controversy **DOES** exceed $50,000, **OR** other affirmative relief is sought.

*Defendant – If you DISAGREE with the Plaintiff's Certificate of Compulsory Arbitration, please explain why you disagree below:

_____
_____

SUBMITTED this **5th** day of **December, 2024**.

SIGNATURE _____

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED                    Page 1 of 1                    CV03f 120319

# EXHIBIT B

| | |
|---|---|
| 1 | Justin S. Pierce (State Bar #022646) |
| 2 | Alexandra N. Cayton (State Bar #038580) |
|   | **PIERCE COLEMAN PLLC** |
| 3 | 17851 North 85th Street, Suite 175 |
|   | Scottsdale, Arizona 85255 |
| 4 | Tel. (602) 772-5506 |
| 5 | Fax (877) 772-1025 |
|   | Justin@PierceColeman.com |
| 6 | Alex@PierceColeman.com |
|   | *Attorneys for Defendants* |

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| SKYLAR SIMPSON, a single woman, | | Case No: CV2024-033093 |
| Plaintiff, | | |
| v. | | **NOTICE OF FILING OF NOTICE OF REMOVAL** |
| MARK E. HALL, P.C.; SAFEGUARD ESTATE AND FINANCIAL, LLC; MARK E. HALL AND JANE DOE HALL, AS HUSBAND AND WIFE; ROBERT LEVIN AND JANE DOE LEVIN, AS HUSBAND AND WIFE; XYZ CORPORATIONS I-III; ABC PARTNERSHIPS I-III; JOHN AND JANE DOES II-V, | | |
| Defendants. | | |

**To:**  **Clerk of Court, Superior Court of the State of Arizona,**

**County of Maricopa:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Mark E. Hall, P.C., Safeguard Estate and Financial, LLC, Mark E. Hall, Jane Doe Hall, Robert Levin, and Jane Doe Levin (collectively, "Defendants") serves this Notice that

1

it has filed a Notice of Removal of the above-captioned action from this Court to the United States District Court for the District of Arizona. A true and correct copy of the Notice of Removal is attached as Exhibit 1 and is incorporated by reference. As provided in 28 U.S.C. § 1446(d), this Notice affects the removal of this action, and this Court shall proceed no further unless and until this case is remanded.

RESPECTFULLY SUBMITTED this 9th day of January, 2025.

**PIERCE COLEMAN PLLC**

By /s/ Alexandra N. Cayton
Justin S. Pierce
Alexandra N. Cayton
17851 North 85th Street, Suite 175
Scottsdale, Arizona 85255
*Attorneys for Defendants*

ORIGINAL of the foregoing transmitted
for filing this 9th day of January, 2025 with
the Clerk of Maricopa County Court via
AZTurboCourt and a COPY emailed to:

Skylar Simpson
9443 South 44th Street
Phoenix, Arizona 85044
Skylar.simpson7@gmail.com

By: /s/ Mary Walker

2